UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CHERYL C. BRANDON,<br><br>　　　　Plaintiff(s),<br><br>v.<br><br>WRIGHT MEDICAL TECHNOLOGIES, INC.,<br><br>　　　　Defendant(s). | Case No.: 2:20-cv-01422-KJD-NJK<br><br>**ORDER**<br><br>[Docket No. 14] |

　　　　Pending before the Court is the parties' joint proposed discovery plan. Docket No. 14. The presumptively reasonable discovery period is 180 days measured from the date the first defendant appears. Local Rule 26-1(b)(1). The parties seek special scheduling and request a discovery period of twelve months following the Court's resolution of Defendant's pending motion to dismiss and/or Plaintiff's motion for leave to amend the complaint. Docket No. 14 at 1.

　　　　The parties' request for special scheduling is, in fact, a request to stay discovery. A pending dispositive motion, however, does not support a stay of discovery. *See Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011).

　　　　Accordingly, the parties' joint proposed discovery plan is **DENIED** without prejudice. Docket No. 14. Either party may file a proper motion to stay discovery, citing to appropriate points and authorities, no later than December 1, 2020. If no motion to stay discovery is filed, the parties must file a joint proposed discovery plan, no later than December 2, 2020. To the extent special scheduling review is sought therein, a specific showing must be made as to why the presumptively reasonable deadlines should not apply, based on the particular circumstances of this case, and why

the dates requested are reasonable. Otherwise, the parties must include the default deadlines, properly measured from September 29, 2020. *See* Local Rule 26-1(b)(1).

IT IS SO ORDERED.

Dated: November 24, 2020

Nancy J. Koppe
United States Magistrate Judge