# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

CHERYL C. BRANDON,

    Plaintiff,

v.

WRIGHT MEDICAL TECHNOLOGIES, INC.,

    Defendant.

Case No.: 2:20-cv-01422-KJD-NJK

**ORDER**

[Docket No. 23]

Pending before the Court is Defendant's motion to stay discovery. Docket No. 23. The Court has considered Defendant's motion and Plaintiff's response. Docket Nos. 23, 25. No reply was filed, and the time to do so has now passed. *See* Docket. The motion is properly resolved without a hearing. *See* Local Rule 78-1.

Courts have broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011). In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action.[1]  *Id.* at 602–03.

Motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal.[2] *See Kor Media*

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

[2] Conducting the "preliminary peek" puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its

*Group, LLC vs. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  A pending motion challenging personal jurisdiction "strongly favors a stay, or at minimum, limitations on discovery until the question of jurisdiction is resolved" because such a motion presents a "critical preliminary question." *Kabo Tools Co. v. Porauto Indus. Co., Ltd.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013).  The party seeking to stay discovery pending resolution of a potentially dispositive motion bears the burden of establishing that discovery should be stayed.  *Id.*, at *1.

Applying these standards to Defendant's pending motion to dismiss for lack of personal jurisdiction, the Court finds that a stay of discovery is appropriate.

Accordingly, Defendant's motion to stay discovery, Docket No. 23, is hereby **GRANTED**. In the event resolution of the motion to dismiss does not result in termination of this case, the parties shall file a joint proposed discovery plan no later than seven days after the entry of the order on the motion to dismiss.

IT IS SO ORDERED.

Dated: January 14, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

---

merits. *See Tradebay*, 278 F.R.D. at 603.  The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome.  *See id.*  As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the motion to dismiss and subsequent briefing.