UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Cheryl C. Brandon<br>　　　　　　　　　　Plaintiff,<br>　v.<br>Wright Medical Technologies, Inc.<br>　　　　　　　　　　Defendant. | Case No. 2:20-cv-01422-KJD-NJK<br>**ORDER** |

Before the Court is Defendant's Motion to Dismiss (#22). Plaintiff filed a response in opposition (#24) to which Defendant replied (#26).

I.　　　Factual and Procedural Background

Plaintiff Cheryl C. Brandon ("Plaintiff") brings claims against Defendant Wright Medical Technologies, Inc. ("Wright Medical") for injuries resulting from allegedly defective prosthetic hip components she received during a total hip replacement surgery. (Am. Compl. ¶ 141, 143, ECF No. 20.) In August 2011, Plaintiff received an artificial hip implant at Palomar Medical Center in Escondido, California. Id. ¶ 149. Plaintiff alleges she received a Wright Medical Conserve® system that emitted toxic metal ions and debris, causing adverse tissue reactions and premature device failure. Id. ¶ 152. Five years after her initial surgery, Plaintiff became a resident of Nevada in May 2016. Id. ¶ 4. While in Nevada, Plaintiff had bloodwork done as part of her treatment efforts. Id. After two years in Nevada and seven years with the defective hip, in August 2018, Plaintiff underwent revision surgery to remove the implant at Scripps Memorial Hospital in Encinitas, California. Id. ¶ 152.

Based on the alleged personal injuries, Plaintiff brings claims for Negligent Design and Failure to Warn or Instruct; Strict Products Liability—Defective Design; Strict Products Liability—Manufacturing Defect; Strict Products Liability—Failure to Warn; Negligent

Misrepresentation; Fraud by Concealment; Fraudulent Misrepresentation; and Punitive Damages. See id.

II.     Legal Standard

Whether a federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant turns on two independent inquiries: (1) whether an applicable state statute potentially confers personal jurisdiction over the defendant, and (2) whether the exercise of personal jurisdiction over the defendant comports with the defendant's constitutional due process rights. E.g., Data Disc, Inc. v. Sys Tech. Assoc's, Inc., 557 F.2d 1280, 1285 (9th Cir. 1977).

When, as here, there is no applicable federal statute governing personal jurisdiction, the federal district court applies the longarm statute of the state in which it sits. See FED. R. CIV. P. 4(k)(1)(A); Panavision Int'l, L.P. v. Toeppen, 141 F.3d 1316, 1320 (9th Cir. 1998). Nevada's longarm statute declares that a Nevada court "may exercise jurisdiction over a party to a civil action on any basis not inconsistent with the Constitution of this state or the Constitution of the United States." Nev. Rev. Stat. Ann. § 14.065 (West 2021). Thus, Nevada permits the exercise of personal jurisdiction to the full extent permitted by due process in the United States Constitution. Pat. Rts. Prot. Grp., LLC v. Video Gaming Techs., Inc., No. 208CV00662JCMLRL, 2009 WL 10703431, at *1 (D. Nev. Apr. 29, 2009).

The assertion of personal jurisdiction satisfies due process when there are "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyers, 311 U.S. 457, 463 (1940)). These requirements "give a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980).

Personal jurisdiction may be either general or specific. E.g., Helicopteros Nacionales de Colombia, S. A. v. Hall, 466 U.S. 408, 414–15 (1984). General jurisdiction exists when there are "substantial" or "continuous and systematic" contacts with the forum state, even if the cause of action is unrelated to those contacts. Daimler AG v. Bauman, 571 U.S. 117, 122 (2014). As a

result, the proper inquiry for general jurisdiction is whether the defendant's "affiliations with the State are so 'continuous and systematic' as to render [it] essentially at home in the forum State." Id. at 119 (quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). "Only a select 'set of affiliations with the forum state' will expose a defendant to such sweeping jurisdiction." Ford Motor Co. v. Montana Eighth Jud. Dist. Ct., 141 S. Ct. 1017, 1024 (2021) (quoting Daimler AG, 571 U.S. at 137).

On the other hand, for a state court to exercise specific personal jurisdiction, "the suit must 'aris[e] out of or relat[e] to the defendant's contacts with the forum.'" Bristol-Myers Squibb Co. v. Super. Ct. of Cal., 137 S. Ct. 1773, 1780 (2017) (quoting Daimler AG, 571 U.S., at 127). Thus, specific personal jurisdiction "covers defendants less intimately connected to the forum state, but only as to a narrower class of claims." Ford Motor Co., 141 S. Ct. at 1024. Ultimately, "[w]hether dealing with specific or general jurisdiction, the touchstone remains 'purposeful availment' . . . [to] ensure that 'a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts.'" Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co., 284 F.3d 1114, 1123 (9th Cir. 2002) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985)).

When defendants move to dismiss a complaint for lack of personal jurisdiction, plaintiffs bear the burden of demonstrating that jurisdiction is appropriate. See Dole Food Co., Inc. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). When, as here, the motion hinges on written materials rather than an evidentiary hearing, "the plaintiff need only make a prima facie showing of jurisdictional facts." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990). In such cases, "[the court] only inquire[s] into whether [the plaintiff]'s pleadings and affidavits make a prima facie showing of personal jurisdiction." Caruth v. Int'l Psychoanalytical Ass'n, 59 F.3d 126, 128 (9th Cir. 1995).

    III.    Analysis

        A.  General Jurisdiction

Nevada lacks general jurisdiction over the out-of-state Defendant. General jurisdiction exists only when out-of-state defendant's contacts are sufficiently "substantial" and "systematic

and continuous" to render it essentially at home in the forum state. Plaintiff alleges Wright Medical marketed and sold its Total Hip System throughout the United States—including Nevada. (Am. Compl. ¶ 11.) Plaintiff also asserts that Wright Medical sold hundreds or even thousands of such devices in Nevada. (Resp. to Def's Mot. to Dismiss, ECF No. 24 at 6.) While marketing and selling thousands of devices in Nevada may be "substantial," such contacts do not render Wright Medical "essentially at home" in Nevada. Again, the Supreme Court has established a rigid standard in Daimler AG, only allowing general jurisdiction over foreign corporations in exceptional cases. See Daimler AG, 571 U.S. at 129–30 (citing Perkins v. Benguet Consol. Min. Co., 342 U. S. 437, 448) (general jurisdiction existed over a Philippine corporation sued in Ohio, where the company's president relocated because of World War II and "kept an office, maintained the company's files, and oversaw the company's activities"). As a result, Nevada lacks general jurisdiction over Wright Medical because there are insufficient contacts to render it "essentially at home" in the State.

### B. Specific Jurisdiction

Courts in the Ninth Circuit apply a three-prong test to determine whether specific jurisdiction over a defendant exists: (1) the defendant purposefully availed itself of the privilege of conducting business in the forum state; (2) the plaintiff's claims must "arise out of" or "relate to" the defendants forum-related activities; and (3) the exercise of jurisdiction must be reasonable. Morrill v. Scott Fin. Corp., 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004)). "The plaintiff bears the burden of satisfying the first two prongs of the test." Schwarzenegger, 374 F.3d at 802. If the plaintiff does so, "the burden then shifts to the defendant to 'present a compelling case' that the exercise of jurisdiction would not be reasonable." Id. (quoting Burger King, 471 U.S. at 476–78). Plaintiff fails to allege facts that satisfy the first two prongs. Wright Medical lacks sufficient contacts with Nevada for purposeful availment, and Plaintiff's claims neither "arise out of" nor "relate to" Wright Medical's contacts with Nevada.

#### 1. Purposeful Availment

Looking to the first prong, a defendant has purposefully availed itself of a forum when it

"has taken deliberate action within the forum state or . . . has created continuing obligations to forum residents." Ballard v. Savage, 65 F.3d 1495, 1498. The purposeful availment requirement ensures that defendants will not be haled into a jurisdiction solely as the result of "random, isolated, or fortuitous" contacts with the forum state. Keeton v. Hustler Mag., Inc., 465 U.S. 770, 774 (1984). As a result, placing a product into the stream of commerce alone does not constitute purposeful availment. See Asahi Metal Indus. Co. v. Super. Ct. of Cal, 480 U.S. 102, 112 (1987) (plurality opinion) (placing a product into the "stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State"); see also Holland Am. Line Inc. v. Wartsila N. Am., Inc., 485 F.3d 450, 459 (9th Cir. 2007) (adopting Asahi's "stream of commerce plus" test). In addition to placing a product in the stream of commerce, Defendants must also have the "intent or purpose" to serve the forum state. Asahi Metal Indus. Co., 480 U.S. at 112.

Here, Plaintiff fails to allege that Wright Medical purposefully availed itself of jurisdiction in Nevada. Although the corporation placed the Conserve Total Hip Device into the stream of commerce, Plaintiff alleges no facts that the corporation directed their product toward Nevada consumers. Plaintiff makes only conclusory allegations about Wright Medical's "intent or purpose" to sell the Conserve Total Hip Device in Nevada. Again, to show purposeful availment, Plaintiff must show that Wright Medical intended to serve Nevada markets by designing the product for the market in Nevada, advertising in Nevada, establishing channels for providing regular advice to customers in Nevada or marketing the Conserve Hip Device through a distributor who has agreed to serve as the sales agent in Nevada. See Asahi Metal Indus. Co., 480 U.S. at 112. Plaintiff's allegations that Wright Medical merely "transacted business" in Nevada fails to allege any specific contact within the state beyond placing the product in the stream of commerce. (Am. Compl. ¶ 8.) While it is reasonable to assume that selling sophisticated medical devices involved direct marketing to medical professionals and advertising to patients within Nevada, Plaintiff makes no such allegations. Thus, Plaintiff fails to allege facts showing Wright Medical purposefully availed itself of the privilege of conducting business in the forum.

2. Claims Arising out of, or Related to, Forum Activities

Even if Plaintiff adequately establishes purposeful availment, her claims neither "arise out of" nor "relate to" Wright Medical's contacts with Nevada. The "arise out of" and "relate to" requirement preserves the fundamental distinction between general and specific jurisdiction. See Bristol-Myers Squibb Co., 137 S. Ct. at 1781 (2017) (holding that to find specific jurisdiction general contacts with the forum are not enough). Traditionally, the Ninth Circuit has applied a "but for" test when examining the second prong. See, e.g., Menken v. Emm, 503 F.3d 1050, 1058 (9th Cir. 2007).

Applying that test, without Wright Medical's contacts with Nevada, Plaintiff would have still suffered her alleged injuries because she had surgery in California. Additionally, the alleged misrepresentations by the surgeon occurred in California and arose out of Wright Medical's contacts with California. Id. The two years Plaintiff spent in Nevada along with the single bloodwork treatment, though foreseeable, represent "unilateral acts" of a third party, lacking any direct connection between Wright Medical and Nevada. See, e.g, World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 298 (1980) (finding that the "unilateral acts" of a consumer who drove a defective car to Oklahoma, though foreseeable, did not confer jurisdiction over an out of state dealership). Put differently, there is no causal relationship between Wright Medical's contacts with Nevada and Plaintiff's claims.

However, this Court must analyze the second prong under the Supreme Court's most recent case. The Supreme Court has recently distinguished "arise out of" from "related to." See Ford Motor Co., 141 S. Ct. at 1033 ("related to" contemplates that some "relationships will support jurisdiction without a causal showing"). In Ford Motor Co., plaintiffs bought allegedly defective vehicles which were designed, manufactured, and originally sold outside the forum states. Only later through resales and relocations by consumers did the cars end up in the respective forums. Id. The Court rejected Ford's causation-only approach, which would limit specific jurisdiction to the states of first sale, manufacture, and design. Id. Instead, the Court determined that the "related to" test expands jurisdiction beyond causality when "there is a strong 'relationship among the defendants, the forum, and the litigation'—the 'essential

foundation' of specific jurisdiction." Ford Motor Co., 141 S. Ct. at 1028 (citing Helicopteros, 466 U.S. at 414). For instance, "if Audi and Volkswagen's business deliberately extended into Oklahoma (among other States), then Oklahoma's courts could hold the companies accountable for a car's catching fire there—even though the vehicle had been designed and made overseas and sold in New York." Ford Motor Co., 141 S. Ct. at 1027 (citing World-Wide Volkswagen which was previously dicta). Similarly, in Ford Motor Co., because Ford systematically served Montana and Minnesota—advertising, selling, and servicing the specific models at issue in those States—the Court found a strong relationship between Ford, Montana and Minnesota, and the allegedly defective cars. Id.

Even so, the relaxed standard for specific personal jurisdiction "does not mean anything goes." Ford Motor Co., 141 S. Ct. at 1026. "In the sphere of specific jurisdiction, the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." Id. The mere knowledge that defendant's conduct outside the forum state will affect a plaintiff in the state cannot confer jurisdiction. Walden v. Fiore, 571 U.S. 277, 285 (2014). Jurisdiction is lacking without an affiliation between the specific controversy and the forum. Bristol-Myers Squibb Co., 137 S. Ct. at 1780. For instance, when residents of California and 33 other states sued in California alleging injuries from a defective drug, the Supreme Court rejected specific jurisdiction for nonresident plaintiffs because the forum lacked any connection to the specific claim at issue. Id. Because plaintiffs were nonresidents of the forum state, consumed the allegedly defective drug outside the forum, and suffered injury outside the forum, the claims did not relate to the defendant's contacts with the forum. Bristol-Myers Squibb Co., 137 S. Ct. at 1780.

Here, the relationship between Nevada and Plaintiff's claims is tenuous at best. Wright Medical's contacts with Nevada are not sufficiently connected to Plaintiff's claims to support specific personal jurisdiction because there is only a weak relationship between Wright Medical, Nevada, and the claims at issue. Unlike in Ford where plaintiffs were residents of the forum state, used the allegedly defective cars in the forum states, and suffered injuries in the forum states, Plaintiff, while currently a resident of Nevada, had her allegedly defective hip implanted

in California, suffered her injuries for five years in California, and received corrective surgery in California. (Am. Compl. ¶¶ 3, 141, 154.) Although Plaintiff spent two years in Nevada with the device and received one bloodwork treatment in the State, Nevada is not the natural state in which to sue because it has little interest in protecting California residents from defective surgical implants received there. See Ford Motor Co., 141 S. Ct. at 1030 (stating that "each of the plaintiffs brought suit in the most natural State—based on an "affiliation between the forum and the underlying controversy"). Furthermore, Plaintiff fails to allege that Wright Medical serves Nevada in a manner akin to Ford, which systematically served the forum states advertising, selling, and servicing the product in controversy. Ford Motor Co., 141 S. Ct. at 1027. Not only is Plaintiff's connection to Nevada weak regarding the claims at issue, but also specific jurisdiction fails because Wright Medical's alleged contacts with Nevada do not systematically serve the forum. Finally, similar to Bristol-Meyers Squibb Co., where nonresident plaintiffs' claims lacked any connection to the forum and the defendant's contacts, Plaintiff's claims lack a sufficient connection to Nevada and Wright Medical's activities in the State because she received the allegedly defective hip device in California as a California resident. Bristol-Myers Squibb Co., 137 S. Ct. at 1780. Therefore, Plaintiff has not shown an adequate relationship between Wright Medical, Nevada, and the claims at issue to establish her claims "relate to" Wright Medical's contacts with Nevada.

Because Brandon has failed to sustain her burden for the first and second prong of the specific personal jurisdiction test, the Court need not and does not reach the issue of whether the exercise of jurisdiction would be reasonable under the third prong. Picot v. Weston, 780 F.3d 1206, 1213 n.2 (9th Cir. 2015). Thus, this Court lacks personal jurisdiction over Wright Medical.

///
///
///
///
///
///

IV.     Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#22) is **GRANTED without prejudice to refiling in California**.

Dated this 23rd day of July, 2021.

_____
Kent J. Dawson
United States District Judge